ORIGINAL
D + F
C/ M

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JOHN CORDERO,

                Movant,
                                                            MEMORANDUM AND ORDER
        -against-                                           Case No. 06-CV-4947 (FB)


UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------x
```

*Appearances:*

*For the Movant:*
JOHN CORDERO, *pro se*
788 Brighton Avenue
Staten Island, NY 10301

*For the Respondent:*
BENTON J. CAMPBELL, ESQ.
United States Attorney
Eastern District of New York
By: DANIEL A. SPECTOR
Assistant United States Attorney
147 Pierrepont Street
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

John Cordero ("Cordero") was convicted after a jury trial of two counts of bank robbery, and acquitted of two counts of brandishing a firearm during a robbery. The Court sentenced him to 36 months' imprisonment and five years of supervised release. The Second Circuit summarily remanded for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005); on December 9, 2005, the Court reimposed the original sentence.

On September 6, 2006, Cordero, proceeding *pro se*, timely moved to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255, arguing (1) that the introduction at trial of evidence seized during two searches of his home violated the Fourth Amendment; (2) that the introduction of the results of a "show-up" identification procedure violated due

process; (3) that the Court "called back" the jury after it had rendered a verdict, in violation of the Sixth Amendment; and (4) that he was denied effective assistance of trial and appellate counsel. On February 16, 2007, Cordero sought leave to amend, proposing to add factual allegations regarding his four existing claims. His amended motion additionally seeks production of a copy of a video and still photographs introduced at trial; this claim is not cognizable under § 2255 because it relates to the present proceeding, and not to Cordero's conviction or sentence, so the Court construes it to be a discovery request pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings.

**1. Fourth Amendment Claim**

Provided that a full and fair opportunity to litigate a Fourth Amendment claim has been given, "[t]he Constitution does not require that a state prisoner be granted federal *habeas corpus* relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976). At least three circuit courts have held that *Stone* applies to § 2255 motions. *See United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993); *United States v. Byers*, 740 F.2d 1104, 1137 n.90 (D.C. Cir. 1984); *United States v. Hearst*, 638 F.2d 1190, 1196 (9th Cir. 1981). The Second Circuit, however, has reserved judgment on the issue. *See Laaman v. United States*, 973 F.2d 107, 114 (2d Cir. 1992) ("[W]e need not and do not consider... whether petitioners' Fourth Amendment claims are cognizable on § 2255 review.").

Without deciding whether *Stone* precludes § 2255 review of Cordero's Fourth Amendment claim, it is, in any event, without merit. Cordero's wife, who lives in the home with Cordero, consented to both searches. *See Georgia v. Randolph*, 547 U.S. 103, 106 (2006)

("The Fourth Amendment recognizes a valid warrantless entry and search of premises when police obtain the voluntary consent of an occupant who shares, or is reasonably believed to share, authority over the area in common with a co-occupant who later objects to the use of evidence so obtained.").

## 2. Identification Evidence

"[Pretrial] identification evidence will be admissible if (a) the procedures were not suggestive or (b) the identification has independent reliability." *Raheem v. Kelly*, 257 F.3d 122, 133 (2d Cir. 2001); *see also United States v. Bautista*, 23 F.3d 726, 729 (2d Cir. 1994) ("[W]e will exclude a pre-trial identification only if it was *both* produced through an unnecessarily suggestive procedure *and* unreliable." (emphasis in original)). This issue was not exhausted on appeal; nevertheless, as the Court explained at the pre-trial hearing, the identification evidence resulting from the show-up possessed sufficient indicia of reliability: The witnesses testified that they had the opportunity to observe Cordero's body movements, clothing, and face shape during the robbery, and were able to draw on those observations to identify Cordero at the show-up. Both witnesses were certain of their identification at the show-up, which occurred within an hour of the robbery. *See Manson v. Brathwaite*, 432 U.S. 98, 114 (1977) (describing indicia of reliability as "includ[ing] the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation.").

## 3. Jury "Call Back"

Cordero's claim that the jury was "called back" after it had rendered a verdict

3

is based simply on a misunderstanding of the Court's order of sustenance, which provided funding for lunch for the deliberating jurors. Although the order was not entered on the docket until after the jury had rendered its verdict, it was signed while the jury was still deliberating. There was, in short, no "call back."

**4. Ineffective Assistance of Counsel**

Cordero's claims of ineffective assistance of counsel fail the two-prong standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984).[1] With respect to trial counsel, the record refutes Cordero's contention that counsel did not thoroughly cross-examine Government witnesses or adequately contest the Government's case; given the strength of the Government's case, trial counsel performed admirably and, indeed, secured acquittals on two of the four counts.

With respect to appellate counsel, Cordero claims that counsel failed to review his case file and failed to solicit his approval before submitting his appellate brief, which challenged only the mandatory application of the Sentencing Guidelines. The record reflects, however, that counsel's decision not to raise other issues was based on a reasoned, professional review of the trial record, which, as noted, weighed heavily in the Government's favor. As the Supreme Court has noted, a defendant does not have a "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those

---

[1] Unlike most claims, claims of ineffective assistance of trial counsel can be raised for the first time in a § 2255 motion, *see Massaro v. United States*, 538 U.S. 500, 504 (2003); logically, claims of ineffective assistance of appellate counsel can always be the subject of a § 2255 motion.

4

points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983)

In sum, neither trial counsel's nor appellate counsel's representation "fell below an objective standard of reasonableness . . . under prevailing professional norms." *Strickland*, 466 U.S. at 688. In any event, the overwhelming evidence against Cordero negates any "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### 5. Discovery of Video and Photographic Evidence

In response to Cordero's request for production of copies of the video and photographic evidence introduced at trial, Rule 6(a) of the Rules Governing Section 2255 Proceedings provides that the Court "may, for good cause, authorize a party to conduct discovery" in a § 2255 proceeding; Cordero's request is denied because he has not shown that production of the video and photographs would advance any of the claims raised in his § 2255 motion.

Cordero's § 2255 motion, as amended, is denied. Because Cordero has failed to make a substantial showing of the denial of a federal right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

/signed/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 28, 2007